[S. F. No. 4597. Department Two.—February 28, 1907.]

In the Matter of the Estate of ROBERT RUSSELL, Deceased. WILLIAM RUSSELL, Appellant, v. MARIA KIP ORPHANAGE, Respondent.

WILLS—VOID DEVISE TO CHARITABLE SOCIETY.—Under section 1313 of the Civil Code a devise to a charitable society, made less than thirty days before the decease of the testator, is void.

ID.—COMMON-LAW RULE ABROGATED—VOID DEVISE—TITLE OF HEIRS—RESIDUARY DEVISE.—The common-law rule, that a devise of real property speaks as of the date of the will, is abrogated by section 1332 of the Civil Code, providing that "A devise of the residue of the testator's real property passes all the real property which he was entitled to devise at the time of his death, not otherwise effectually devised by his will," and an invalid or ineffectual devise of real property in this state does not pass to the heirs, but must go to the residuary devisee, unless a contrary intent is clearly expressed by the terms of the will.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Duncan McPherson, Jr., for Appellant.

Elliott McAllister, Charles M. Cassin, Cassin & Lucas, and Charles B. Younger, Jr., for Respondent.

HENSHAW, J.—Appellant instituted proceedings under section 1664 of the Code of Civil Procedure to have determined his interest in the estate of Robert Russell, deceased. The facts are that Robert Russell executed his last will and testament on October 20, 1903, and seven days thereafter died. His will was duly admitted to probate. The fifth paragraph of the instrument provided:—

"Fifthly, I leave my farm, consisting of one hundred and ninety-seven acres within the city limits of Santa Cruz, to the Maria Kip Institute of San Francisco County and City, California, for them to sell or dispose of as seems best to the officers of said institute."

The sixth paragraph of his will declared:—

"Sixthly, I leave the rest, residue and remainder of my estate, whether real or personal, and wheresoever situated, to the other children of said Mary Barrett, widow, to be divided among them, share and share alike, exclusive of said Eugenie C. Barrett, for whom I have hereinbefore provided."

The Maria Kip Institute named in the fifth paragraph is conceded to be the Maria Kip Orphanage, which is a charitable and benevolent institution. Section 1313 of the Civil Code declares: "No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society, or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; . . . and all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law." It is not disputed that the devise to the Maria Kip Orphanage thus made within thirty days of the death of the testator became void. Appellant, as an heir at law of William Russell, deceased, contends that this lapsed and void devise goes to the heirs at law, and not to the residuary legatees, notwithstanding the provisions of section 1332 of the Civil Code, which reads as follows: "A devise of the residue of the testator's real property passes all the real property which he was entitled to devise at the time of his death, not otherwise effectually devised by his will." The earlier common law made a distinction between devises of real property and bequests of personal property, the former speaking from the death of the testator, the latter from the date of the will. According to this distinction, it was held that real property did not go to the devisees under a general residuary clause, while personal property did go to the residuary legatees. But it is well settled that section 1332, above quoted, abrogates this rule of the common law. (*Estate of Upham*, 127 Cal. 90, [59 Pac. 315] ; *O'Connor.* v. *Murphy*, 147 Cal. 148, [81 Pac. 416].) It is thus the accepted rule in this state that where there is a valid general residuary devise real property mentioned in a lapsed or void devise goes to the residuary devisee, and not to the heirs, unless a contrary intent is clearly expressed by the terms of the will. No such intent is here shown at all. The devise in this case is general and valid, and bestows upon the residuary

devisees the property attempted to be devised to the Maria Kip Orphanage.

A motion to dismiss this appeal has been made by the Maria Kip Orphanage upon the ground that it was an adverse party and had not been served with notice. This determination of the question upon the merits renders unnecessary any consideration of that motion.

For the foregoing reasons the judgment appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.