[Civ. No. 12511. First Dist., Div. Two. Jan. 28, 1944.]

Estate of CARRIE H. FLEISHMAN, Deceased. HOSPITAL FOR CHILDREN AND TRAINING SCHOOL FOR NURSES et al., Appellants, v. MARION KOHN et al., Respondents.

Brobeck, Phleger & Harrison, Sloss & Turner and Esmond Schapiro for Appellants.

Philip S. Ehrlich and Albert A. Axelrod for Respondent Kohn.

SPENCE, J.—This is an appeal by three charitable organizations from a decree denying their petition for partial distribution and granting partial distribution to others, which decree was based upon the ground that the bequests to said charitable institutions were invalid under the provisions of section 41 of the Probate Code.

Carrie H. Fleishman, deceased, died on February 6, 1941. On January 20, 1941, being within thirty days before her death, said deceased executed an olographic will which was admitted to probate as her last will and testament. She did not leave surviving her a spouse, brother, sister, descendant or ancestor, but she did leave as her sole heirs at law two nephews, Edward H. Heller and Marion H. Kohn. By her will, she made certain specific bequests to others and then provided ''The rest and residue of my estate is to be divided

equally among the children of Edward H. Heller, namely E. Clarence Heller, Alfred E. Heller and Elizabeth Heller.'' It thus appears that the residuary legatees and devisees were two grandnephews and one grandniece and that nothing was left by the terms of the will to the nephews who were the heirs at law.

Among the specific provisions of the will was the following ''I desire my jewels and furs to be sold and the proceeds to be divided among the following charitable organizations: The Federation of Jewish Charities of S. F. The Jewish National Welfare Fund (S. F. section) and The Children's Hospital.''

The executors filed a petition for partial distribution ''to the persons entitled thereto'' of the sum of $23,050, which sum represented the net proceeds from the sale of the above mentioned jewels and furs. One nephew, Marion H. Kohn, also filed a petition seeking distribution to him of one-half of said sum alleging the invalidity of the bequests to the charitable organizations. It appears from both petitions that the other nephew, Edward H. Heller, had assigned any interest which he had in said sum to his children, who were the residuary legatees and devisees under the will. The charitable organizations filed an answer and a petition seeking distribution to said organizations of the entire sum alleging the validity of the above mentioned bequests.

A hearing was had and the court found and concluded that the decedent had died within thirty days after the execution of the will; that the above mentioned bequests to the charitable organizations were therefore invalid; and that the proceeds of the sale of the jewelry and furs were properly distributable to the heirs at law. The court therefore entered its decree denying the petition of the charitable organizations and distributing said proceeds as follows: One-half thereof to Marion H. Kohn and the remaining one-half thereof to the assignees of Edward H. Heller. The charitable organizations appeal from said decree.

The decree entered by the trial court was based upon the construction placed upon section 41 of the Probate Code in the majority opinion in *Estate of Broad,* 20 Cal.2d 612 [128 P.2d 1]. The contentions of the appealing charitable organizations are based upon the reasoning found in the dissenting opinion in the cited case. But as the majority opinion in the

cited case fully sustains the decree entered herein, this court is bound by that decision and must affirm the decree upon the authority of that case. (*Brunvold* v. *Victor Johnson & Co., Inc.*, 59 Cal.App.2d 75 [138 P.2d 32].) It would therefore serve no useful purpose for this court to discuss appellants' claim that ''The decision of the Supreme Court in *Estate of Broad* is clearly erroneous and should be overruled.''

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 27, 1944. Edmonds, J., and Traynor, J., voted for a hearing.