464 P.2d 1011

In the Matter of the ESTATE of Lois JACKSON, Deceased.

Ina Marie ENSLEY, Appellant,

v.

VALLEY NATIONAL BANK of Arizona, Executor; R. J. Bell; Ira Lee Poe; Thelma Thompson, Appellees.

No. 1 CA–CIV 1123.

Court of Appeals of Arizona, Division 1.

Feb. 18, 1970.

As Amended Feb. 26, 1970.

Rehearing Denied March 26, 1970.

Review Granted April 28, 1970.

Powers, Boutell, Fannin & Ridge, by James Powers, Phoenix, for appellant.

Gust, Rosenfeld & Divelbess, by Richard Whitney, Phoenix, for appellee Valley National Bank.

Paul Colarich, Jr., Tucson, for R. J. Bell, Ira Lee Poe and Thelma Thompson, appellees.

HATHAWAY, Judge.

This appeal arises out of a proceedings for determination of heirship in the Estate of Lois Jackson who died without issue on October 4, 1967. In her will, executed August 10, 1950, she provided that after all

her debts and expenses of last illness and funeral expenses had been paid:

"SECOND: I give, devise and bequeath all of my estate, of whatsoever kind and nature, and wheresoever situate, which I may own and have the right to dispose of at the time of my death, to my husband, GEORGE JACKSON.

In the event my said husband shall predecease me, then I direct that my estate be divided into two (2) equal shares, and I give, devise and bequeath one (1) of such shares to my husband's daughter, INA MARIE ENSLEY, of Las Vegas, Nevada, and one (1) of such shares to my brother, CLAUD FLANNAGAN, of 718 North 10th Street, Abilene, Texas."

Lois Jackson was predeceased by her husband and also by her brother, Claud Flannagan, who died without issue. At the hearing for determination of heirship, the appellant contended that she was a residuary legatee under the will and that the lapsed legacy to Claud Flannagan should pass to her. The appellees, R. J. Bell, Ira Lee Poe and Thelma Thompson, found by the court to be the decedent's next-of-kin, claimed their right to the lapsed legacy to Claud Flannagan as the heirs-at-law of Lois Jackson.

After a hearing before a Commissioner of the Superior Court in Maricopa County on November 11, 1968, the Commissioner made findings of fact and conclusions of law and entered a decree of heirship in favor of the appellees. The conclusions recited:

"From the foregoing facts, the Court concludes:

1. That under the will executed by the Testatrix, LOIS JACKSON, on August 10, 1950, one-half (½) of the estate lapsed due to the deaths of the primary beneficiary, GEORGE JACKSON, and the substituted beneficiary, CLAUD FLANAGAN [sic].

2. Under the terms and provisions of the Will and because of the lapsed legacy, the decedent died intestate as to one-half (½) of the estate, and said portion of the estate must pass by intestate succession.

3. R. J. BELL, IRA LEE POE, THELMA THOMPSON and INEZIA WATKINS are heirs to the undivided one-half (½) interest of the estate which must pass by intestate succession."

The question before us is: what disposition is to be made of the lapsed bequest to Claud Flannagan? In answering this question we are mindful that the will must be liberally construed to effectuate the testatrix's intent. In re Estate of Harber, 99 Ariz. 323, 409 P.2d 31 (1965). Her intent will be gathered from the whole instrument, and where possible, a construction favoring testacy is preferred. In re Conness' Estate, 73 Ariz. 216, 240 P.2d 176 (1952).

In the first paragraph of the "SECOND" article of the will quoted above, the testatrix made clear her desire that her husband receive her entire estate. The second paragraph of that article makes equally clear her intent that in the event he should predecease her, her estate was to be divided into two equal shares and the two contingent beneficiaries were each to receive one of those shares. No mention is made of the disposition that is to be made of the portion allocated to the contingent beneficiary in the event either should predecease her.

The appellant argues that the language in the first paragraph of the second article, "all of my estate, of whatsoever kind and nature, and wheresoever situate, * * *." creates a residuary clause in the contingent bequest. It is true that no particular language is necessary to create a residuary clause, so long as the decedent's intent is made known. 57 Am.Jur., Wills § 1416. Be that as it may, the problem remains that the bequest to Claud Flannagan lapsed. The silence of the will on the subject tells us that she expressed no intent concerning the disposition to be made of the lapsed share.

"A court's inquiry in construing a will is limited to ascertaining what the testator

meant by the language which was used. If he used language which results in intestacy, and there can be no doubt about the meaning of the language which was used, the court must hold that intestacy was intended." In re Beldon's Estate, 11 Cal.2d 108, 77 P.2d 1052, 1054 (1938). The decedent could easily have said that her brother's share was to go to appellant in the event of his death. She did not. It is not for us to speculate on what she omitted to say.

■ Appellant also argues that the naming of the two contingent beneficiaries indicates an intent to exclude all those not named. We cannot agree. The naming of these two beneficiaries is consistent with an intent that one-half of the testatrix' estate go to her husband's family and one-half to hers, in the event her husband's legacy does not carry the lapsed share. The will is simply inoperative as to that portion and the lapsed share remains undisposed of under the will. In re Broad's Estate, 20 Cal.2d 612, 128 P.2d 1 (1942); Brown v. Kalene, 230 Iowa 76, 296 N.W. 809 (1941). Contra: Schroeder v. Benz, 9 Ill.2d 589, 138 N.E.2d 496 (1956); In re Nielsen's Will, 256 Wis. 521, 41 N.W.2d 369 (1950); In re Moloney's Estate, 15 N.J.Super. 583, 83 A.2d 837 (1951). See also Atkinson on Wills, 2d Ed., pp. 784–5; 28 A.L.R. 1237, 139 A.L.R. 868; and 36 A.L.R.2d 1117.

■ The shares given here are fixed and each fixed share was given to each legatee to hold in common with the other. Death of the one does not operate to transfer his interest to the other anymore than would a codicil revoking the bequest. The fixed share, being undisposed under the will, passes under the laws of intestate succession. 57 Am.Jur., Wills § 1446, page 970.

The judgment is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.