[Civ. No. 36875. First Dist., Div. Two. Oct. 22, 1975.]

Estate of ZELLA DENNERY, Deceased.
JOHN F. MORAN, as Executor, etc., Petitioner and Respondent, v.
KENNETH CORY, as State Controller, Objector and Appellant.

394

COUNSEL

Myron Siedorf, Milton D. Harris and R. Edgar Sanderson for Objector and Appellant.

Sol Silverman for Petitioner and Respondent.

## Opinion

**TAYLOR, P. J.**—The State Controller appeals from an order sustaining the objections of the executor to the inheritance tax classification of Doreen Baumann, the granddaughter of the testatrix. The court below concluded that, pursuant to Revenue and Taxation Code section 13307 and *Estate of Zook,* 62 Cal.2d 492 [42 Cal.Rptr. 597, 399 P.2d 53], as lineal issue of the testatrix, Doreen was a Class A transferee. We have concluded that pursuant to the subsequently enacted provisions of Revenue and Taxation Code section 13310, and other statutory provisions, Ms. Baumann's status as a lineal descendant of the testatrix was severed by her adoption by her stepfather long before she became an adult. The question is one of first impression.

The facts are not in dispute. The decedent, Zella Dennery, was the lineal paternal grandmother of Doreen Baumann. Zella Dennery died on July 15, 1974. By a will executed in April 1967, Ms. Dennery named Doreen as the residuary legatee of one-half of her estate. Doreen's mother and decedent's son were divorced while Doreen was a child. Subsequently, Doreen's mother remarried and her second husband duly adopted Doreen, long before she became an adult and more than five years before the decedent died.

█ The California inheritance law classifies transferees according to their relationship to the decedent, and gives preference to closer relatives (Class A and Class B) by higher exemptions and lower tax rates.[1] The statutes defining classifications for exemptions must be strictly construed in favor of the state and against the taxpayer. (*Estate of de Roulet,* 20 Cal.App.3d 1072, 1076 [98 Cal.Rptr. 277].)

In *Estate of Zook,* 62 Cal.2d 492 [42 Cal.Rptr. 597, 399 P.2d 53], our Supreme Court held that an adopted grandchild remained lineal issue of the natural grandparents for inheritance tax purposes, and was entitled to Class A status, unless an adult when adopted.[2] The court recognized (at p. 496) that as a result of its decision, an adoptive child, under the proper circumstances, could be a Class A transferee of both adoptive and natural families, thus providing an advantage over natural children.

---

[1]The pertinent statutory provisions are Revenue and Taxation Code, sections 13307-13310; 13404-13406 and 13801-13805.

[2]The court noted (at p. 495) that the reason for this difference was to prevent utilization of adult adoptions for estate planning purposes.

At the time of *Zook,* the pertinent provisions of the Revenue and Taxation Code read, as set forth below.[3] At this time, section 13307, subdivision (e), covered the adopted grandchild with no specific statement of applicability to "lineal issue" as used in subdivision (a), and the references to adoption in sections 13308 and 13309 and were not stated in substitutionary language.

Subsequently, a new section 13310 was added in 1969 and as here applicable now reads as follows: "(a) In determining the classification of *a transferee of any class* for the purposes of this part, *children adopted in conformity with the laws of this state while under the age of 18 years are deemed to be natural children of their adoptive parents and to be unrelated to any natural parent who has been replaced by the adoption.* [Italics added.]

---

[3]Revenue and Taxation Code, section 13306: " 'Transferee' means any person to whom a transfer is made, and includes any legatee, devisee, heir, next of kin, grantee, donee, vendee, assignee, successor, survivor, or beneficiary."

Revenue and Taxation Code, section 13307: " 'Class A transferee' means any of the following:

"(a) A transferee who is the husband, wife, lineal ancestor, or lineal issue of the decedent.

"(b) A transferee whose relationship to the decedent is that of a child adopted by the decedent in conformity with the laws of this State, provided such child was under the age of 21 years at the time of such adoption.

" . . . . . . . . . . . . . . . . . . . .

"(e) A transferee whose relationship to the decedent is that of a person adopted in conformity with the laws of this State by any lineal issue or child mentioned in this section; provided, such person was under the age of 21 years at the time of such adoption."

Revenue and Taxation Code, section 13308: " 'Class B transferee' means any of the following:

"(a) A transferee who is the brother, sister, or descendant of a brother or sister of the decedent.

"(b) A transferee who is the wife or widow of a son, or the husband or widower of a daughter, of the decedent.

"For the purposes of this section, 'descendant' includes, although it is not limited to, a child adopted or acknowledged in conformity with the laws of this State."

Revenue and Taxation Code, section 13309: " 'Class C transferee' means any of the following:

"(a) A transferee who is the brother or sister of the father or mother of the decedent.

"(b) A transferee who is the descendant of a brother or sister of the father or mother of the decedent.

"For the purposes of this section, 'descendant' includes, although it is not limited to, a child adopted or acknowledged in conformity with the laws of this State."

Revenue and Taxation Code, section 13310: " 'Class D transferee' means any transferee who is not a Class A, B, or C transferee."

Section 13310 above was repealed by Statutes of 1967, chapter 963, section 11, effective July 29, 1967, when classes of transferees were reduced.

"(b) Any person adopted when over the age of 18 years shall be deemed to retain his relationship to his natural parents and to be unrelated to his adoptive parents unless:

"(1) A period of five years has elapsed from the date of adoption; or

"(2) If the decedent was the stepparent of such person, the stepparent-stepchild relationship or the combination of the stepparent-stepchild relationship and the adoptive relationship existed for at least five years prior to the date of death.

"(c) Upon occurrence of either paragraph (1) or (2) of subdivision (b), such adopted person shall be deemed to be unrelated to any natural parent replaced by the adoptive parent and shall be deemed to be the natural child of the adoptive parent."[4]

In addition, by the same legislative enactment (Stats. 1969, ch. 1200), sections 13307, 13308 and 13309 were amended to read as set forth below.[5] By these contemporaneous statutory changes, the Legislature removed all mention of adopted children from sections 13307, 13308 and 13309, and enacted section 13310 that specifically dealt with adopted children. Section 13310 for the first time provided that under the conditions set forth an adopted child would be deemed unrelated to any natural parent replaced by the adoptive parent, and would be deemed the natural child of the adoptive parent. ■ A material change in the wording of a code section indicates that the Legislature intended a

---

[4]The decedent died after the effective date of the 1973 amendment.

[5]Revenue and Taxation Code, section 13307: " 'Class A transferee' means any of the following:

"(a) A transferee who is the husband, wife, lineal ancestor, or *lineal issue* of the decedent. [Italics added.]

"(b) A transferee to whom the decedent for not less than 10 continuous years prior to the transfer stood in the mutually acknowledged relationship of a parent, if the relationship commenced on or before the transferee's 15th birthday.

"(c) A transferee who is the lineal issue of a child mentioned in subdivision (b)."

Revenue and Taxation Code, section 13308: " 'Class B transferee' means any of the following:

"(a) A transferee who is the brother, sister, or descendant of a brother or sister of the decedent.

"(b) A transferee who is the wife or widow of a son, or the husband or widower of a daughter, of the decedent."

Revenue and Taxation Code, section 13309: " 'Class C transferee' means any transferee who is not a Class A or B transferee."

change in the respects in which the previous language was amended (*Estate of Broad,* 20 Cal.2d 612, 618 [128 P.2d 1]).

■ The Controller here argues that since Doreen was adopted while still a child, her status as the child of her natural father, the decedent's son (Rev. & Tax. Code, § 13310), as well as a lineal descendant of the decedent (Rev. & Tax. Code, § 13307) was severed. The Controller's argument is supported by the above mentioned presumption and certain dicta in *Estate of Cottrell,* 15 Cal.App.3d 88, at page 93 [92 Cal.Rptr. 923] (with reference to § 13310) that "Unquestionably the 1969 amendment nullifies *Zook* in cases to which it applies."[6]

The executor first argues that the statutory changes were not meant to affect testamentary devisees, as distinguished from intestate heirs. This contention is entirely without merit as section 13306 (set forth in fn. 3 above) has included both categories and has not been changed by the Legislature.

The executor next urges that under the present wording of Revenue and Taxation Code section 13307, subdivision (a), Doreen is still lineal issue of decedent, and that this status has not been changed by the language of section 13310. The executor points to the Legislature's omission of meaningful terms of limitation such as "and kindred relations" after "unrelated to any natural parents" in section 13310, indicating an intent to retain the ruling of *Zook,* as to lineal ancestors, despite adoptions.

We think, however, given the required rules of interpreting the statute against the taxpayer and that a change was intended by the changes in language, discussed above, the Legislature meant to abrogate the rule of *Zook.* The Legislature's action was in conformity with the trend of entirely substituting the adopted family for the natural family of an adoptive child (Civ. Code, §§ 228, 229; Prob. Code, § 257). We conclude, therefore, that since Ms. Baumann was adopted by her stepfather long before she became an adult, her status as a lineal descendant of the testatrix was severed by the adoption pursuant to Revenue and Taxation Code section 13310. We note a similar interpretation of the substitutionary language in the likewise recently amended Oregon inheritance tax

---

[6]*Cottrell* involved deaths prior to the 1969 amendment, and hence did not directly present the issue. The court's statement was made in rejecting the argument of the Controller that section 13310 clarified rather than changed existing law.

statute by the Oregon Court of Appeals in *In re Estate of Jalo,* 3 Ore.App. 594 [474 P.2d 355, 358]).

The order appealed from is reversed.

Kane, J., and Rouse, J., concurred.