[L. A. No. 9227. In Bank.—August 3, 1926.]

In the Matter of the Estate of JOHN WILSON, Deceased.

[1] ESTATES OF DECEASED PERSONS — DETERMINATION OF HEIRSHIP — PETITION FOR DISTRIBUTION.—Upon a petition for distribution of the estate of a deceased person all parties are properly before the court, and in determining the petition the court has full power to decide who are the next of kin and heirs at law of the deceased and to distribute the estate to the persons entitled thereto, and the decree of distribution is conclusive as to the rights of heirs, subject only to be reversed, set aside or modified on appeal.

[2] ID.—ORDER TO ESTABLISH HEIRSHIP—DISTRIBUTION—APPEAL.—In a probate proceeding, a minute order purporting to determine the next of kin and only heirs of the deceased to be certain named parties, and that the petition of one alleged to be the father of deceased be denied, and a written order afterwards filed substantially to the same effect as the minute order, were both made pursuant to issues relating to heirship involved in the petition for distribution, there having been no proceeding taken under section 1664 of the Code of Civil Procedure to determine heirship, and said two orders were not appealable prior to the decree of distribution, but may be reviewed on appeal from a decree of distribution.

---

(1) 24 C. J., p. 520, n. 22, p. 528, n. 99.   (2) 24 C. J., p. 534, n. 50.

MOTION to dimiss an appeal from an order of the Superior Court of Kern County.   J. W. Mahon, Judge.   Appeal dismissed.

The facts are stated in the opinion of the court.

---

1.  See 12 Cal. Jur. 186, 199; 11 R. C. L. 184.
2.  See 2 Cal. Jur. 189.

Siemon & Garber for Appellant.

I. F. Chapman and H. Ray Bailey for Respondents.

Brittan & Brittan, for Respondent Administrator.

SHENK, J.—This is a motion to dismiss an appeal in a probate proceeding. The motion is made on the ground that the order is not appealable and on the further ground that the appeal was not taken within the time provided by law.

By order duly made on March 18, 1924, the public administrator of Kern county was appointed administrator of said estate. In the petition for letters of administration it was stated that the heirs of the deceased were unknown. On May 8, 1924, notice was served on the administrator that Alfred Edward Stay, Frederick Charles Stay, Mary Victoria Robbins and Ada Stay Penney claimed to be heirs at law of the deceased and requesting that notice of certain designated proceedings during the course of the administration of the estate be given to them. On October 2, 1924, the said alleged heirs filed a petition for partial distribution of the estate to them. On February 20, 1925, the administrator filed his first and final account, report and petition for distribution in which he alleged, among other things, that the next of kin and only heir at law of the deceased was John Wilson, father of the deceased. On the same day, to wit, February 20, 1925, John Wilson served notice on the administrator that he was the sole heir of the deceased and requested special notice of certain proceedings thereafter to be taken in connection with the settlement of the estate. By stipulation of all the parties the first and final account, report and petition for distribution was continued to and set for hearing on the fifteenth day of June, 1925, the same to be submitted and determined upon depositions theretofore taken and then on file. The matter was heard and on July 11, 1925, the court caused to be entered a minute order wherein it was "ordered, adjudged and decreed by the court that the next of kin and only heirs of said deceased are Alfred Edward Stay, Frederick Charles Stay, Mary Victoria Stay Robbins and Ada Stay Penney; that the petition of the administrator to distribute the property to one John Wilson

alleged father of said deceased be denied''; and the matter
of the settlement of the account and distribution of the
estate was thereupon continued pending the ascertainment
and payment of the inheritance tax. The order concluded
as follows: "If findings are necessary let attorneys for the
above heirs prepare findings and order to be signed by the
court.''

No findings were prepared or presented by counsel, where-
upon the trial judge of his own motion prepared and filed,
on November 10, 1925, a document denominated "Decree
Establishing Heirship," wherein it was ordered, adjudged and
decreed that the heirs of the deceased were as determined in
the minute order of July 11th and likewise that the said
John Wilson was not the father of deceased nor entitled to
share in the estate. On November 20th the said John Wil-
son served and filed his notice of intention to move for a
new trial. The motion was heard and denied on January
18, 1926, and on the same day the said John Wilson filed his
notice of appeal from the written order of November 10th.
It is the appeal from that order that is now sought to be
dismissed.

It is obvious from the foregoing facts that neither the
minute order of July 11th nor the written order of No-
vember 10th were made and entered pursuant to proceedings
taken under section 1664 of the Code of Civil Procedure.
No petition to determine heirship was filed after the expira-
tion of one year from the appointment of the administrator
nor at all except as such relief was sought in the petition
for distribution which is still pending. Nor was there any
order made by the court directing service of notice on per-
sons interested, as required by said section 1664. There
was not even an attempt to proceed under that section.
[1] All the parties were, however, properly before the
court on the petition for distribution. In entertaining that
petition the court had full power to decide who were the
next of kin and heirs at law of the deceased and to dis-
tribute the estate to the persons entitled thereto (*Estate of
Schmierer,* 168 Cal. 747 [145 Pac. 99]; *More* v. *More,* 133
Cal. 489, 495 [65 Pac. 1044]; *The William Hill Co.* v. *Law-
ler,* 116 Cal. 359 [48 Pac. 323]; 12 Cal. Jur. 186, and cases
cited). The decree of distribution is conclusive as to the
rights of heirs, subject only to be reversed, set aside or modi-

fied on appeal (sec. 1666, Code Civ. Proc.). [2] The minute order of July 11th and the written order of November 10th were both made pursuant to issues relating to heirship involved in the petition for distribution. They were determinations necessarily incident to that petition when, as here, there had been no proceedings taken under section 1664. In advance of the decree of distribution those orders were therefore not appealable. But the same matters were and are subject to review on appeal from any decree of distribution which may hereafter be made pursuant to the petition therefor (subd. 3, sec. 963, Code Civ. Proc.; *Estate of Allen,* 175 Cal. 356 [165 Pac. 1011]; *Estate of Wittmeier,* 118 Cal. 255 [50 Pac. 393]).

In support of the second ground of the motion it is urged that the minute order of July 11th, in probate practice, was a final order from which an appeal, if any, must have been taken and that it was unnecessary for the court to enter a second order on the same subject in order to set the time running for an appeal. There is merit in the contention (secs. 1704, 1715, Code Civ. Proc.; *Tracy* v. *Coffey,* 153 Cal. 356 [95 Pac. 150]), but in view of our conclusion that neither the order of July 11th nor the order of November 10th was an appealable order it becomes unnecessary to further consider or pass upon the second ground of the motion.

The motion is granted and the appeal is dismissed.

Curtis, J., Seawell, J., Waste, C. J., Richards, J., and Lennon, J., concurred.