[Civ. No. 1327.   Fourth Appellate District.—February 13, 1935.]

OIL TOOL EXCHANGE, INC. (a Corporation), Plaintiff and Appellant, v. FRANK M. HASSON et al., Defendants and Appellants.

Raphael Dechter and B. L. Hoyt for Plaintiff and Appellant.

Hazlett & Plummer and Robert J. Sullivan for Defendants and Appellants.

ALLYN, J., *pro tem.*—The defendants Hasson executed and delivered to the defendant White an oil and gas lease of their real property. White assigned to defendant Cascade Oil Company. The oil company and White, with the Wicker Drilling Company, entered into a drilling contract whereby the latter parties undertook to supervise the drilling of a well on the property. Work was begun under this contract, but it was terminated by mutual agreement and a second drilling contract made, identical in terms with the first except that White alone undertook to supervise the drilling operations. The oil company, under the contract, undertook to advance up to $17,500 of the cost of the well, and to assign to White a twenty per cent interest in the well for his services. White resumed operations and in the course thereof rented from the plaintiff certain drilling equipment and purchased certain supplies which are the basis of the mechanic's lien thereafter filed and now sought to be foreclosed. Both the owners and the Cascade company posted and filed notices of nonresponsibility.

Judgment was entered against the defendant White for the rental of the equipment, a judgment having been secured against him in a former action for the materials, and against Cascade Oil Company for the materials and supplies. A lien was declared on the latter's leasehold interest in the real property for these materials and supplies. It was further decreed that plaintiff had no lien upon the interest of the defendants Hasson for either rental or materials. Plaintiff appeals from those portions of the judgment denying its claim of lien for the rental of equipment against Cascade Oil Company and denying its claim of lien against the owners, the defendants Hasson, for both rental and materials. The defendant Cascade Oil Company appeals from that part of the judgment giving a personal judgment against it for the value of the materials and supplies.

Under the amendment of 1911 to section 1183 of the Code of Civil Procedure persons furnishing implements and appliances contributing to the drilling of a well have a lien for the value of the use of such appliances. It is true that prior to the amendment a claim of lien based upon rental of equipment to be used in construction could not be sustained either as a claim for labor or for materials (*Wood, Curtis & Co.* v. *El Dorado Lumber Co.*, 153 Cal. 230 [94

Pac. 877, 126 Am. St. Rep. 80, 15 Ann. Cas. 382, 16 L. R. A. (N. S.) 585]). The amendment granting a lien to persons other than those expressly mentioned in section 15, article XX, of the Constitution is clearly within the constitutional powers of the legislature (*Mendenhall* v. *Gray,* 167 Cal. 233 [139 Pac. 67]). The lien, therefore, should have been decreed for the rental of the tools, equipment and appliances furnished by plaintiff as against the leasehold interest of the Cascade Oil Company and it should also have been allowed against the land unless the owners' notice of nonresponsibility was sufficient.

Without passing on the question of whether the owners were charged with knowledge of the work at a date more than 10 days prior to the filing of their notice, that part of the judgment denying the plaintiff its lien against the fee for both rental and materials must be reversed. There was no proper proof of posting by the owners of notice of nonresponsibility. The recorded copy of this notice, with an attached verification and an affidavit of posting, was received in evidence over plaintiff's objection. There was no other evidence produced to show the date when the owners first gained knowledge of the commencement of the work, to prove the fact of such posting, or the date thereof.

A strict construction of section 1192 of the Code of Civil Procedure, whereby an owner may relieve himself from lien liability for improvements on his property, necessarily follows the adopted rule of liberal construction of section 1183 and hence he must show that he has fully complied with all of the requirements of section 1192. (*Hammond Lumber Co.* v. *Goldberg,* 125 Cal. App. 120 [13 Pac. (2d) 814].) He must prove, among other things, that his written notice was posted in some conspicuous place upon the property within ten days after he obtained knowledge of the construction. Section 2009 of the Code of Civil Procedure has no application to the proof of facts which are directly in controversy in an action. Its provisions apply only to matters of procedure, matters collateral or incidental to the action, but have no relation to the proof of facts the existence of which is made an issue of the case (*Lacrabere* v. *Wise,* 141 Cal. 554 [75 Pac. 185]).

The Cascade Oil Company's appeal from that portion of the judgment fixing personal liability upon it for

the materials furnished cannot be sustained. There is sufficient evidence to support the finding that White acted as the agent of the oil company in the purchase of these supplies and hence the finding of the trial court is conclusive. We find no support in the record for the argument that plaintiff, knowing that it was dealing with White as the agent of the oil company, elected to hold the agent rather than the principal.

Those portions of the judgment denying plaintiff its claim of lien against the Cascade Oil Company for the value of the use of the equipment rented and denying its claim of lien against the interest of the defendants Hasson for both rental and materials are reversed. The judgment is otherwise affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1935.