[Civ. No. 3278. Fourth Dist. Oct. 26, 1944.]

BLANCHE W. SMITH et al., Appellants, v. HARRY WILLIAMS et al., Respondents.

John D. Hoyt for Appellants.

Burr & Smith for Respondents.

BARNARD, P. J.—This is an appeal from that portion of a judgment which upholds the validity of a trust deed upon certain real property.

Lisbon Williams died in 1919, leaving at least the use of all of his estate to his sister Sarah E. Merrill for her lifetime, appointing his said sister and a brother F. E. Williams as trustees to carry out the full intent and purpose of his will, and giving some sort of a remainder to seven named nephews and nieces. The same sister and brother were appointed executors of the will.

The will was probated in Orange County and in 1926 a decree of distribution was entered distributing the estate as follows:

"(1) The whole thereof to the said Sarah E. Merrill, sister of said decedent, to have and to hold for her use and benefit and to enjoy and use the rents, income and profit thereof, during her natural life only, subject to and impressed with the trust provisions hereinafter provided for;

"(2) To the said F. E. Williams and Sarah E. Merrill, as Trustees, during the natural life of said Sarah E. Merrill, all the property of said estate, both real and personal, in trust nevertheless, upon the uses and trusts hereinafter named and not otherwise:— The said Trustees are hereby given full and complete charge and control of all the property of said estate during the life of said Sarah E. Merrill, with power to buy and sell, rent, lease or otherwise deal with the personal property of said trust without order of Court, subject, however, at all times to confirmation and approval thereof by this Court. Said Trustees are further authorized and directed to pay to the said Sarah E. Merrill, during her natural life, from time to time out of the rents, income and profits of said property such sums as may be necessary to satisfy the just needs and make provision for the comfort of the said Sarah E. Merrill.

during her lifetime and said trustees shall be the sole judges, subject to the confirmation and approval of the Court, of such amounts from time to time necessary therefor. All sales and other conduct of the Trustees from time to time in the administration of said trust, shall be subject to the approval and confirmation of this Court. . . .

"(3) The whole of said estate remaining after the death of said Sarah E. Merrill is hereby distributed share and share alike to the following persons:" (naming the seven nephews and nieces).

According to this decree the balance of the estate then consisted of a ten-acre lemon grove (the property here in question), certain farm implements and tools used on the land, and $1,116 in cash.

On April 27, 1939, the trustees filed in the probate proceeding a petition for instructions as to the administration of their trust and requesting instructions with regard to borrowing $3,000 to be secured by a note and trust deed on the real property. Due notice was given and three of the seven nephews and nieces appeared and protested against the making of such a loan. After a hearing, the court, on May 25, 1939, entered an order instructing the trustees to borrow $3,000 and to execute a trust deed on the real estate as security for the loan. That order became final. On June 6, 1939, the trustees filed a petition in the probate proceeding asking for an order directing them to borrow $3,000 from the Bank of America and to execute a note and trust deed on the property as security for the loan. After due notice and a hearing, such an order was made and the same has become final. The loan was made on June 23, 1939, and a trust deed given as directed by the court. On March 22, 1940, the trustees filed in the probate proceeding an account setting forth, among other things, the reasons for the necessity of this loan and what they had done with the proceeds thereof. After due notice and hearing that account was approved on April 9, 1940.

On February 19, 1942, Sarah E. Merrill died. Thereafter, the plaintiffs, who are three of the seven nephews and nieces above referred to, brought this action seeking to partition the land in question between the seven nephews and nieces and also seeking to quiet their title as against the Bank of America, alleging that it claimed some interest in the property which claim was without legal right. The bank answered setting up

the circumstances under which it had received its trust deed, and later an assignee of the trust deed was substituted as a defendant.

In addition to the above facts the court found that the seven nephews and nieces were entitled to this real property subject to the trust deed; that under the decree of distribution this property went to the trustees named to be held for the benefit of Sarah E. Merrill during her life and upon her death to go to the nephews and nieces; that by the decree of distribution this property was distributed to these trustees for the benefit of Sarah E. Merrill during her life, and to pay the income to her during her life and after her death to deliver the remaining estate to the nephews and nieces; that the trustees were given full and complete charge and control of all of the property during the life of Sarah E. Merrill, including the power to borrow money on the security thereof; that during the years 1936 to 1939 the income from this ranch decreased and the needs of Sarah E. Merrill increased because of her weakened physical condition; that it was necessary for the trustees either to sell the land or borrow money thereon; that the loan made was for the advantage of the trust estate, was for the purpose of carrying out the trust, and was within the powers of the trustees; and that the several orders in the probate proceeding had become final. The court then drew the conclusion of law that the trust deed was a lien upon the real property and ordered the land sold in lieu of partition, with appropriate provisions for the payment of the debt secured by the trust deed. An interlocutory decree was entered and the plaintiffs have appealed on the judgment roll alone.

The appellants contend that the paramount legal title to this real property was vested in the nephews and nieces by the decree of distribution entered in 1926, that the testamentary trustees had no power to hypothecate this title and that the probate court had no jurisdiction to authorize the making of a loan secured by a trust deed on the property. While it is conceded that the various orders made by the probate court were duly and regularly made, that they have become final, and that they are binding as against the trustees and the trust estate, it is argued that the nieces and nephews had a vested interest in the property subject only to the right of Mrs. Merrill to use the income during her lifetime, that this interest was not a part of the trust estate, and that the trust deed is invalid insofar as their interests are concerned.

The basic question, so far as the merits are concerned, was whether the real title to this property was vested in the remaindermen subject only to Mrs. Merrill's right to occupy the property and use the income therefrom, or whether she was further entitled to use up so much of the property itself as was necessary for her support and comfort, and only such portion as remained at her death was to go to the remaindermen. This question was presented in various forms and passed upon several times in the probate proceedings and the orders made in that connection have become final. The same question was again sought to be raised in this action, without any direct attack upon the probate proceedings and orders, by seeking to have an interpretation placed upon the will and decree of distribution other and different than that theretofore placed upon it by the probate court.

Considerable ambiguity appears in the will itself. After providing for the payment of debts and the like it gives all of the remainder of the estate ''of every kind and nature'' to Mrs. Merrill ''to have and to hold for her use and benefit during her natural life only to enjoy and use the rents and profits during such natural life as shall be fit and proper for her just needs and comfort.'' While the word ''and'' is omitted, the language used in this and other parts of the will seems to indicate an intent that Mrs. Merrill should have the use and benefit of the land itself as well as all its income, if needed for her support and comfort, which seems to be the paramount object of the testator. He not only speaks of ''profits'' as well as rents and income but appoints trustees who are to be the sole judges of the amounts needed from time to time to satisfy her needs and to provide for her comfort, and provides that the trustees shall have ''full and complete charge and control'' of all of the property ''to carry into full effect the intents and purposes'' of the will and to ''fully receive all said property upon distribution.'' They are also given power to buy and sell, rent or lease ''or otherwise deal with the personal property of said trust.'' While again the word ''and'' is not used this and other language used indicates that it may have been intended to give the trustees power to sell the real property and handle the proceeds and profits therefrom. This seems more probable since the will further provides that ''all the residue and remainder of my estate both real and personal'' is given to the nieces and nephews ''to be

by them possessed upon the death of said sister Sarah E. Merrill and when my executors and trustees have settled my said estate in accordance herewith.''

A real question was presented as to the meaning of this will and the probate court interpreted it as giving to Mrs. Merrill the use and benefit of the entire property during her lifetime without limiting her to the income therefrom, as creating a trust for that purpose, and as giving to the remaindermen only such part of the estate as was not consumed for the benefit of Mrs. Merrill and which remained at her death. In effect, the decree of distribution so provides and in distributing the entire estate to the trustees they were given full and complete charge and control of all of the property. An ambiguity also appears in the decree of distribution in that while the trustees are given rather broad powers it does not specifically appear whether they are authorized to sell the real property or to borrow money thereon if this should become necessary in order to carry out the purposes of the trust. In accordance with the statutory provision therefor, the trustees sought instructions from the court as to their duty under the circumstances and again the question as to the interpretation of the will and of the power of the trustees thereunder was directly presented. The interpretation sought by the trustees was opposed by these appellants and the probate court held that the trustees had power to borrow money on the real property, which constituted practically all of the trust estate. This was done and twice later confirmed by the court, and all of its orders in this regard have become final.

These orders of the probate court are controlling until they are directly attacked and set aside for good cause and upon sufficient evidence. (*Estate of Keet*, 15 Cal.2d 328 [100 P.2d 1045].) In that case, the court said:

''When appellant petitioned for instructions and authority to sell, it sought a judicial determination of its powers under the will, the decree, and the applicable law. The court, in granting the petition, made an adjudication of such powers. Its jurisdiction over such proceedings is established by section 1120 of the Probate Code, and appellant complied with all procedural requirements of the section. Having jurisdiction of the subject matter and of the parties, the order of the court, whether correct or not, became *res judicata* on the issue of power to sell.''

It may be assumed that the orders of the probate court could be set aside in a proper action and on a proper showing of extrinsic fraud or of an imposition upon the court amounting to such fraud. Not only was no such attempt made here but it affirmatively appears that the existing doubt with respect to the powers of the trustees was presented to the court and the court heard and determined the question, and authorized the making of the loan as being within the powers conferred upon the trustees. No attempt to establish fraud or imposition of any sort was made in the action and, so far as the record indicates, the court was merely asked to again interpret the will and the decree of distribution, both of which matters had theretofore been several times passed upon by the probate court. Not only had those previous orders, whether correct or not, become res judicata on this issue but no error in connection with the decision in the present action appears on the face of the judgment roll.

That portion of the decree from which this appeal was taken is affirmed.

Marks, J., and Griffin, J., concurred.