[Civ. No. 13099. First Dist., Div. One. Sept. 24, 1947.]

Estate of PATRICK REILLY, Deceased. MARGARET HARNETT, Appellant, v. WALTER C. COX, Respondent.

John B. Ehlen for Appellant.

Elkins & Wright for Respondent.

OGDEN, J. pro tem.—This is an appeal by one of the heirs of decedent from those portions of the decree of final distribution which approve an assignment made by her in favor of Walter C. Cox, the respondent, of 15 per cent of her interest in the estate, and distribute the assigned percentage directly to him.

Patrick Reilly died intestate in San Francisco on January 13, 1943. A petition for letters of administration was filed by the public administrator on January 18, 1943, the petition reciting that the names and places of residence of the heirs were unknown. On February 5, 1943, in Ireland, the appellant, a sister of decedent, executed the power of attorney and assignment under consideration. Both documents are on printed

forms apparently prepared by respondent and, although executed by appellant alone, use the plural pronoun. The power of attorney appoints respondent her attorney in fact to represent appellant "in all proceedings whatsoever in the matter of the estate . . . to do and perform . . . any and all acts and things whatsoever that our said attorney in fact may deem necessary, convenient or proper for our interests; and particularly to ask, sue for, demand, collect, receive and receipt for all . . . distributive shares . . .; to petition for letters of administration or letters testamentary, to recognize, defend or contest wills, codicils and gifts . . .; to compromise and make adjustments and settlements with other claimants to said estate . . . before or after the commencement of legal proceedings, upon such terms as our said attorney in fact may deem best; . . . to institute, prosecute or defend suits and proceedings in law, equity or in probate, in any court or courts, to enter our and each of our appearances therein; to waive issuance or accept service for us and each or any of us of any summons, notice, citation or other process of any nature whatsoever in any proceedings . . .; to consent to all court orders and to the approval by any court of any and all accounts, including final accounts, to sign our and each of our names to any and all statements, pleadings, complaints, bonds, appeal bonds, and any and all other documents and papers incident to such suits and proceedings and to the prosecution or defense thereof. . . ." The concluding paragraph provides that it shall be irrevocable; that "this power of attorney having been executed in connection with contract for services of the said WALTER C. Cox and there being valuable consideration for such contract, and for the execution and delivery to the said WALTER C. Cox of this power of attorney, and a beneficial interest in said estate and the assets thereof or other property having been assigned to the said WALTER C. Cox. . . ."

The "Agreement and Assignment" refers to the foregoing power of attorney and provides that Cox "shall personally pay any and all expenses incident to the doing of the things he is authorized to do by said power of attorney, including attorneys' fees and Court costs." It recites that the assignment is "in consideration of, and as full compensation for all services rendered and to be rendered by the said WALTER C. Cox and in consideration of the information conveyed to us regarding this estate by him. . . ."

Subsequently, on April 30, 1943, appellant executed another power of attorney in favor of Matthew Murphy, the Consul

of Ireland at San Francisco, appointing the latter her attorney in fact in all matters affecting the estate and revoking any prior power of attorney executed by her. On May 20, 1943, the legal firm of Elkins & Wright, which represents respondent in this appeal, filed notice of appearance and request for special notice of proceedings in behalf of appellant. On November 20, 1944, appellant, after notice to respondent and by other counsel, the same who represent her in this appeal, moved the probate court for an order disapproving the assignment to respondent and for distribution of her full distributive share to her in disregard thereof. This motion was supported by the affidavit of Matthew Murphy to the effect that respondent is engaged in the heir-hunting business with his principal place of business in Chicago, Illinois; that he is not an attorney at law; that, through his agents in Ireland, he solicited the power of attorney from appellant there and that he acted as a middleman between appellant and the legal firm of Elkins & Wright. Upon the hearing of the motion it was stipulated that respondent is not an attorney at law. A counteraffidavit by Leo A. Elkins, Esq., was filed denying that respondent acted as an intermediary and admitting that respondent's principal business is in locating missing heirs to estates and missing persons.

Appellant's motion was denied and the decree of final distribution was rendered approving the assignment and distributing the assigned percentage of appellant's distributive share directly to respondent. The decree recites that the fees, charges and consideration for the assignment are reasonable; that it was fair, just and valid and not obtained by duress, fraud or undue influence, and that it is approved.

In *Estate of Butler*, 29 Cal.2d 644 [177 P.2d 16], the Supreme Court considered a power of attorney and assignment apparently identical in form and language, in favor of this same respondent. In that case the court, through Justice Spence, characterized the conduct of this respondent as being the commercial exploitation of the legal profession and the unlawful practice of the law. The assignment was held to be void and the probate court was directed to distribute to the heirs in disregard of the assignment, the court saying (pp. 647, 652): "The invalidity of respondent's claim stems from the nature of the agreements which he solicited from appellants, which agreements are typical of those used in his general practice of soliciting beneficiaries of decedents' estates. . . . Our decision is necessarily confined to the particular facts

presented here, which admittedly show agreements for compensation and accompanying powers of attorney, obtained by an unlicensed person, under which he undertook to furnish legal services for his principals and to pay out of his agreed compensation 'any and all expenses incident to the doing of the things he is authorized to do by said power of attorney, including attorneys' fees and courts costs. Such is the nature of the undertakings which are here condemned as constituting the unlawful practice of the law and as contrary to the public policy of this state.''

The *Estate of Butler, supra,* is obviously determinative of this appeal unless, as respondent contends, it can be distinguished therefrom. We do not see how it can be. No difference in the assignment and the power of attorney is suggested or appears, and we find no material distinction in the factual situations involved; on the contrary, we do find a striking similarity. Respondent, however, contends that the instant case contains four important and distinct features which distinguish it from the Butler case.

■ He contends that appellant here was a lost or missing heir as distinguished from the heirs involved in the Butler case. This statement is based solely upon the recital contained in the petition for letters of administration that the names and places of residence of the heirs were unknown, a recital not only far short of one that they were lost or missing, but also far short of being competent evidence of even the fact stated. If appellant's discovery or whereabouts presented any problem of research, respondent had ample opportunity to present that fact to the probate court. That she was located in Ireland within 18 days after the filing of the petition for letters of administration gives rise to an inference to the contrary.

■ Secondly, respondent asserts that there is no evidence that he employed counsel to represent appellant. The affidavit of Leo A. Elkins, Esq., fails to refute the fair inference of his being so employed, but, rather, we think significantly, merely denies that respondent is in the employ of that legal firm, a denial of something not even suggested. The first two asserted points of distinction are not only not supported by the record, but, even if so supported, present no basis for distinguishing this from the cited case.

Thirdly, respondent refers to written findings of fact and conclusions of law signed and filed by the probate court in

connection with its order denying the motion of appellant for disapproval and disregard of the assignment. Over two months after the rendition of the decree of final distribution the probate court signed and filed what is purported to be its findings that the sole consideration for the assignment was respondent's time, effort and expense in investigating and procuring proof of relationship of appellant, and the information conveyed to her by respondent. Even if such findings were sustained by the evidence, and they are not, they could not lend any support to the final judgment of distribution previously made and entered.

The final point of distinction urged is that respondent was not promptly notified of the revocation of his power of attorney. He does not point out, and we cannot understand, how an assignment and power of attorney, void because contrary to public policy, could gain validity because of delay in notification of their revocation. Moreover, the record does not disclose when such notification was first given and no suggestion of prejudice by reason of any such delay is made.

As he did in *Estate of Butler, supra,* respondent again urges the applicability of *Estate of Cohen,* 66 Cal.App.2d 450 [152 P.2d 485]. There is no need for us to here point out the distinction between that case and this as that has been fully and adequately done in *Estate of Butler, supra.* There being no material distinction between the situation presented in this case and that in *Estate of Butler, supra,* that case is determinative here and the assignment in the present case must, as was its counterpart in that case, held to be void as contrary to public policy and not entitled to be respected in the decree of distribution.

Respondent urges that he should be allowed recovery, even under a void assignment, for services actually rendered. There is, however, no occasion for us in this case to decide whether section 1020.1 of the Probate Code authorizes the probate court, in disapproving an assignment invalid for reasons applicable here, to allow compensation for services actually and beneficially rendered in locating and bringing information to the heirs. The record before us is significantly silent as to any such service rendered by respondent. If respondent rendered any beneficial service to appellant he did not divulge it to the probate court. The only inference that can be deduced from the record is that he did not.

His contention that affidavits were not properly used in support of the motion to disapprove of the assignment does

not require serious consideration here. The record discloses that he made no objection to their use in evidence, a use in which he, himself, participated. The cases cited by him,— *Lacrabere* v. *Wise*, 141 Cal. 554 [75 P. 185] ; *Estate of Paulsen*, 35 Cal.App. 654 [170 P. 855] ; *People* v. *Thompson*, 5 Cal. App.2d 655 [43 P.2d 600] and *Oil Tool Exchange, Inc.* v. *Hasson*, 4 Cal.App.2d 544 [41 P.2d 211],—are not necessarily authority for the proposition that such a motion is not one upon which the use of affidavits is expressly authorized by section 2009 of the Code of Civil Procedure. Moreover, the invalidity of the power of attorney and assignment appears upon their face and does not depend upon any of the matters recited in the affidavits.

 This appeal was properly taken from the portions of the decree of final distribution complained of and not the order denying the motion to disapprove of the assignment. (*Estate of Butler, supra.*)

Those portions of the decree of final distribution which approve of the assignment and order distribution to respondent in accordance therewith are reversed with directions to the probate court to distribute appellant's entire interest in the estate to her, in disregard of the assignment made to respondent.

Peters, P. J., and Bray, J., concurred.