185 P.2d 926]

[Civ. No. 13100. First Dist., Div. One. Sept. 24, 1947.]

Estate of JOSANNA SEERY, Deceased. MARY GILLIVAN, Appellant, v. WALTER C. COX, Respondent.

John B. Ehlen for Appellant.

Elkins & Wright for Respondent.

OGDEN, J. pro tem.—This appeal is a companion to that of *Estate of Reilly*, this date decided (*ante*, p. 564 [184 P.2d 922]). It is similarly brought by an heir of the decedent from those portions of the decree of final distribution which approve an assignment to the same respondent of one-third of her interest in the estate, and distributes the assigned portion directly to him. In both cases the powers of attorney and assignments are upon the same printed forms and are identical except as to the name of the estate and that of the assignor. There is no material variance in the circumstances of their execution.

The deceased died intestate in San Francisco on June 12, 1943. On June 15, 1943, the public administrator filed a petition for letters of administration stating therein that the heirs were unknown. On September 15, 1943, in Ireland, appellant, a niece of decedent, executed the assignment and power of attorney in favor of respondent. On February 2, 1944, she executed a power of attorney in favor of Matthew Murphy, Consul of Ireland, revoking all previous ones executed by her. Notice of the latter was given to respondent on May 24, 1944. On September 28, 1944, appellant moved the probate court for its order disapproving of the assignment and for distribution in disregard thereof. This motion was heard at the same time and upon the same type of showing as in the Reilly case. The

motion was denied and subsequently a decree of final distribution was rendered approving the assignment and ordering distribution to respondent of the assigned share. As in the companion case, similar written findings of fact and conclusions of law were signed and filed some months after the rendition of the judgment.

The issues presented by this appeal and the manner of their presentation are identical, the same counsel appearing in both appeals. What has been said in our opinion in the *Estate of Reilly, supra,* and what was said in *Estate of Butler,* 29 Cal.2d 644 [177 P.2d 16], are all equally applicable and determinative here. For the reasons stated therein, those portions of the decree of final distribution which approve of the assignment and order distribution to respondent in accordance therewith are reversed with directions to the probate court to distribute appellant's entire interest in the estate to her in disregard of the assignment made to respondent.

Peters, P. J., and Bray, J., concurred.