[Civ. No. 16875.   Second Dist., Div. One.   Feb. 7, 1949.]

Estate of MARION McPHERSON, Deceased. ELIZABETH McPHERSON, Respondent, v. LENA E. MISSAMORE, Appellant.

West, Vizzard & Howden and Fred Fischer for Appellant.

Canfield & Westwick and H. H. Bell for Respondent.

DOOLING, J. assigned.—Respondent moves to dismiss the appeal on the ground that the order appealed from is not an appealable order.

In the within estate of Marion McPherson, deceased, the decedent's mother, respondent herein, executed a document whereby she waived all rights of inheritance in said estate and requested the probate court to distribute her share of the estate to one of her daughters, appellant herein. Thereafter the respondent mother noticed a motion to set aside said waiver of right of inheritance and request for distribution and for an order directing that all of said estate be distributed to the movant as sole heir at law of the decedent. Pursuant to this notice a trial was held and the court made its findings of fact and conclusions of law and entered its order vacating and setting aside the written waiver of right of inheritance and decreeing "that distribution of the entire estate herein be made to Elizabeth McPherson, as next of kin and sole heir at law of said decedent."

Insofar as the order determines that respondent is entitled to distribution of the entire estate as sole heir respondent argues that it is not appealable since the proceedings leading to the order were not taken pursuant to sections 1080-1082, Probate Code. Respondent cites in support of this position *Estate of Wilson,* 199 Cal. 199 [248 P. 666]. In that case the court held that an order determining heirship or the right to distribution not made pursuant to the provisions of section 1664, Code of Civil Procedure, was not an appealable order, but that such determination could be reviewed on an appeal from the decree of distribution. An examination of the statutory provisions as they then read makes the reason for this ruling obvious. The probate provisions were all then contained in the Code of Civil Procedure and the general section with regard to probate appeals (§ 963, subd. 3) made no provision for an appeal from an order determining heirship or the right to distribution. Included in section 1664, Code of Civil Procedure itself, however, was a provision giving the

right of appeal from orders made pursuant to that section. Thus by the very terms of the code as it then read appeals from orders determining heirship and the right to distribution were limited to orders made pursuant to section 1664.

When the Probate Code was adopted these provisions were recast. The substance of section 1664, Code of Civil Procedure, became sections 1080-1082, Probate Code, and the provision for an appeal was omitted therefrom. Instead in section 1240, Probate Code, there was included a provision for an appeal "from an order . . . determining heirship or the persons to whom distribution should be made. . . ." This provision, being general, was no longer expressly limited to orders made pursuant to sections 1080-1082. These provisions as recast in the Probate Code came before the Supreme Court in *Estate of Broad,* 20 Cal.2d 612 [128 P.2d 1]. In that case pursuant to a petition of the executor the probate court had made an order determining the persons entitled to distribution of a portion of the estate and an appeal was taken from this order. The proceedings were not taken pursuant to sections 1080-1082, Probate Code, since a petition under those sections can only be filed by "any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof," (Prob. Code, § 1080) and the executor made no such claim. Nevertheless the court, speaking through Mr. Justice Shenk, who had written the opinion in *Estate of Wilson, supra,* held the order in the latter case appealable under Probate Code, section 1240. (*Estate of Broad, supra,* 20 Cal.2d 612, 616.) That the latter ruling is consistent with the earlier one in *Estate of Wilson, supra,* is clear from a consideration of the changes in the applicable statutory law above noticed.

Insofar as the order vacates and sets aside the waiver of inheritance an examination of the decided cases satisfies us that such an order made pursuant to section 1020.1, Probate Code, is appealable. In *Estate of Butler,* 29 Cal.2d 644 [177 P.2d 16, 171 A.L.R. 343], the Supreme Court said that "an order denying motion to reopen the proceedings under section 1020.1 of the Probate Code" was not appealable. That apparently was a motion made after the question had been already litigated in the hearing leading to the entry of a decree of distribution and is not controlling on the question here. The author of the opinion in *Estate of Butler* while a justice of the District Court of Appeal had written an opinion which treated an order made pursuant to section 1020.1 as appealable

(*Estate of Lund,* 65 Cal.App.2d 151 [150 P.2d 211]) but that opinion contains no discussion of the question of appealability. In *Estate of Reilly,* 81 Cal.App.2d 564 at page 570 [184 P.2d 922] the court said:

"This appeal was properly taken from the portions of the decree of final distribution complained of and not the order denying the motion to disapprove of the assignment." (Citing *Estate of Butler, supra.*)

No petition for hearing in the Supreme Court was filed in this case.

In the latest decision which we have found on the subject, *Estate of Ettlinger,* 87 Cal.App.2d 494 [197 P.2d 163] an order was made in 1946 pursuant to section 1020.1, Probate Code, approving the assignment of an interest in the estate. No appeal was taken from this order but nearly a year later a motion was made to set the order of approval aside on the ground that it was procured through fraud. The court denied this motion and distributed the property to the assignee in accordance with the assignment. On appeal from this latter order the court said (87 Cal.App.2d 497 [197 P.2d 163]):

"The original order approving the assignment was appealable, but no appeal was taken therefrom. . . ."

The court then proceeded to treat the case an an attempt to set aside an order which had become final on the ground that the order approving the assignment was procured by extrinsic fraud and finding no extrinsic fraud affirmed the order appealed from. A petition for hearing was denied by the Supreme Court on November 8, 1948.

In this state of the decisions we are satisfied to hold an order approving or disapproving the assignment of an interest in an estate made pursuant to Probate Code, section 1020.1, to be appealable. The effect of such an order is to decide that the assignee is or is not one of "the persons to whom distribution should be made" and so falls within the language of section 1240, Probate Code.

Motion to dismiss denied.

Doran, Acting P. J., and White, J., concurred.