[Civ. No. 8720.   Third Dist.   Jan. 26, 1956.]

JOHN M. SILVEIRA, JR., Appellant, v. THEODORA M. SILVEIRA et al., Respondents.

Daniel E. O'Connell and Frank B. Collier for Appellant.

Nathan B. McVay for Respondents.

SCHOTTKY, J.—Appellant commenced an action in which he sought a decree that respondent Theodora M. Silveira held a one-third interest in certain real property as trustee for appellant and also sought an accounting from respondents for the income from said real property. Respondents denied the material allegations of the complaint and, following a trial before the court without a jury, judgment was rendered in favor of respondents. This appeal is from said judgment.

The record shows that the four parcels of realty involved in the action and known as the Newman property were acquired by John M. Silveira, Sr., prior to his marriage to defendant Theodora M. Silveira in 1919. There was testimony to the effect that at this time the property was not yet fully paid for. There was also testimony to the effect, and it was so found by the court, that during the depression years of the 1920's the Newman property became heavily

encumbered, the debt exceeding the value of the property, and such debt was paid by the work and labor of the marital community.

Theodora came to the Silveira home on the Newman property in 1916 as a housekeeper. Silveira, Sr., and his two sons by a former marriage, Joseph and plaintiff, John, Jr., were then operating the property as a dairy ranch. In 1917, Silveira, Sr., deeded a one-half interest in the Newman property to his sons Joseph and John, Jr. John, Jr., deeded his interest to his brother Joseph in 1920. Joseph deeded his interest to his father, Silveira, Sr., in 1934. In 1920 or 1921 the Newman property was leased and the Silveira family moved to a ranch at Tracy, title whereto was in the name of Joseph. After his marriage in 1921, plaintiff, John M. Silveira, Jr., maintained a separate home.

Joseph died testate in 1935. His entire estate, including the Tracy property, was distributed to his brother, John M. Silveira, Jr. On the same date John, Jr., deeded the property to himself and his father, Silveira, Sr., in joint tenancy. Plaintiff, John, Jr., moved onto the Tracy property, and the Silveira family, consisting of Silveira, Sr., defendant Theodora, and their son, defendant Stephen, who is John, Jr.'s half-brother, returned to the Newman property.

Silveira, Sr., died intestate on February 14, 1944, and defendant Theodora was appointed administratrix of his estate. Under the decree of final distribution entered October 17, 1944, in the estate of John M. Silveira, Sr., deceased, the sole distributee was defendant Theodora, and the entire estate, including the Newman property and a half-interest in the Tracy property, was distributed to her as community property of decedent and herself.

According to the testimony of plaintiff, distribution was thus made pursuant to an oral agreement whereby Theodora was to hold a one-third interest in the property in trust for plaintiff. He said this was done on the suggestion of the estate attorney for tax exemption purposes. Plaintiff's wife, Louise, corroborated her husband's testimony. Defendant Theodora contradicted his testimony, and defendant Stephen was not aware of a trust agreement. Stephen's wife, Lois Anita, said that in December of 1944, she read a letter written to Stephen by John, Jr., wherein he stated that neither he nor Stephen had any interest in the ''property, equipment or anything.''

In 1946, the Tracy property was sold for $30,000 and one-half the proceeds was divided, Theodora, Stephen and John, Jr., each receiving one-third. In January of 1950, Theodora positively denied that she was holding a one-third interest in the Newman property in trust for plaintiff, John, Jr.

The court found:

"10. That it is true that there was no agreement between the plaintiff and the defendants, or any of them, to the effect that the said Theodora M. Silveira would hold said real property, or any portion thereof, in trust for the plaintiff.

"11. That the plaintiff was informed several times by word and deed and at divers times by the defendant Theodora M. Silveira, prior to December 28, 1947, and after the entry of the Decree of Distribution in the said probate proceedings that he, the said John M. Silveira, Jr., had no interest in the said real property.

"12. That it is true that the defendant, Theodora M. Silveira, has expended large sums of money on and has diligently worked in improving the said real property since the same has been distributed to her, as aforesaid.

"13. That even if an agreement had been made between plaintiff and the defendant to the effect that the latter would hold one-third of the said property in trust for him, from and after the Decree of Distribution was entered, it would entail the commission of a fraud upon the probate Court, in representing that said property was community property and a crime in avoiding taxes where the same would be based upon community, rather than separate property."

The court concluded:

"1. That the plaintiff does not now have, nor has he ever had any interest in the real property described hereinabove.

"2. That even if plaintiff had an interest in said property he would be barred from recovering the same by virtue of the following:

"A. Statutes of Limitations
    (a) Code of Civil Procedure, Sec. 318.
    (b) Code of Civil Procedure, Sec. 343.
    (c) Code of Civil Procedure, Sec. 338, subd. 4.

"B. His laches

"C. His unclean hands in the premises."

Appellant's first and principal contention is that "The judgment should be reversed for the reason that the evidence establishes as a matter of law that defendant Theodora M. Silveira held and holds an undivided one-third interest in the

controversial realty in trust for plaintiff. The findings and judgment to the contrary are not supported by substantial evidence."

Appellant contends that the Newman property was separate property at the time of the marriage of decedent John M. Silveira, Sr., to respondent Theodora, and that it continued to be separate property up to the time of John M. Silveira, Sr.'s death. He argues that as administratrix of his estate Theodora Silveira was an officer of the court and a trustee holding the four parcels of realty as separate property of the decedent in trust for the benefit of herself, Stephen, and John, Jr., in equal thirds; that she represented to the probate court that the property was community property and upon such representation procured the distribution thereof to herself. Appellant argues further that such distribution was the result of an agreement between the parties to share equally in the property is demonstrated by the fact that when Silveira, Sr. died, title to the Tracy property was vested in decedent and John, Jr., as joint tenants. He asserts that no possible basis existed for any claim by Theodora that the Tracy property or any interest therein was community property, but that the decree distributed to her as community property an undivided one-half interest in the Tracy property, and that appellant later sold the property and paid her and she accepted, with adjustments, one-third of one-half of the proceeds.

▮ The record shows that the real property in controversy was listed in the inventory and appraisement in the estate of John M. Silveira, Sr., as the community property of decedent and respondent Theodora M. Silveira, that the petition for distribution alleged that it was community property and that the decree of distribution found that it was community property and distributed it to respondent Theodora. There can be no question as to this being a conclusive determination that the said real property was community property and that, as provided in section 1021 of the Probate Code, "Such order or decree, when it becomes final, is conclusive as to the rights of heirs, devisees and legatees." (See also *Estate of Wilson,* 199 Cal. 199, 201 [248 P. 666]; *Abels* v. *Frey,* 126 Cal.App. 48, 53 [14 P.2d 594].)

Appellant must therefore depend upon his contention that he agreed to allow said real property to be distributed to respondent Theodora because of her agreement to hold one-third of the property in trust for appellant. But as to this

the evidence was conflicting, respondent Theodora and her son, respondent Stephen, denying that there was any such agreement. The court found that there was no such agreement, and such finding was supported by substantial evidence. Therefore appellant's contention that the evidence establishes as a matter of law that respondent holds an undivided one-third interest in said real property in trust for appellant cannot be sustained.

Our conclusion as to appellant's first contention is determinative of this appeal and it is unnecessary to discuss the remaining points discussed in the briefs. However, we are satisfied that the evidence and the law support the further conclusion of the trial court that even if appellant had an interest in said property he would be barred from recovering same in said action by virtue of the statutes of limitations, laches and unclean hands.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied February 21, 1956, and appellant's petition for a hearing by the Supreme Court was denied March 21, 1956.