**UNITED STATES of America,**
**Plaintiff,**

v.

**STATE OF CALIFORNIA,**
**Defendant.**

**No. 35378.**

United States District Court
N. D. California, S. D.

July 19, 1956.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Edmund G. Brown, Atty. Gen. of California, for defendant.

EDWARD P. MURPHY, District Judge.

This is a motion to dismiss an action commenced by the United States of America against the State of California, for the sum of $581.37, alleged by the complaint to be mistakenly paid to the State of California.

Ludwig Johnson, a veteran of the armed forces of the United States, died intestate and leaving no heirs, while receiving medical care from the Veterans' Administration in a federal hospital. Under such circumstances, upon his death his estate becomes vested in the United States. 38 U.S.C.A. §§ 17–17j. See United States v. Gallagher, D.C.S.D. Cal.1951, 97 F.Supp. 1014.

Pursuant to a "decree of settlement of final account and final distribution" in the Superior Court of the State of California, in and for the City and County of San Francisco, dated August 6, 1953, the then known remaining assets of Johnson in the sum of $381.37, were paid to the State of California as an escheat under California Probate Code § 1027. The decree further ordered that $200 of any after-discovered property of Johnson be likewise paid to the State of California. In this proceeding, the administrator had given notice pursuant to State law, but had not complied with the provisions for notice of 38 U.S.C.A. § 17f. The United States was therefore not bound by the state proceedings terminating in the decree of August 6, 1953, and no doctrine of res judicata applies to it with respect to the decree of August 6, 1953.

After this decree, additional funds were discovered, and the Public Administrator filed a supplemental account and a petition for the supplemental account and

for final distribution with the Superior Court. That matter came on for hearing June 9, 1955, and the United States appeared to urge its rights and claim all the after acquired property and the $381.37 previously paid to the State. The Superior Court, by decree entered June 16, 1955, ordered $200 paid to the State of California and the residue paid to the United States. The United States did not appeal from that decree, but filed suit for the full amount paid to the State under both decrees.

■ The argument of the State of California is that the United States is bound by the decree of August 6, 1953, although that decree is conceded to be erroneous. The United States was not a party to the proceeding terminating in that decree, however, and cannot be bound thereby. 38 U.S.C.A. § 17f. The sum of $381.37 was therefore mistakenly paid to the State of California and belongs in law to the United States. The action with respect to that sum is obviously good.

Whether the distribution of $200 to the State of California pursuant to the decree of June 16, 1955 is final as against the United States or not depends upon whether that distribution was made pursuant to the first decree, which does not bind the United States, or pursuant to a separate proceeding and decree, which, if not appealed, becomes final as against all parties.

While the cases are less than clear on the point of the character of a supplemental order itself denominated "final decree of distribution", see Luscomb v. Fintzelberg, 1912, 162 Cal. 433, 123 P. 247; In re Estate of Tynan, 1954, 129 Cal.App.2d 364, 276 P.2d 809; Smith v. Williams, 1944, 66 Cal.App.2d 543, 152 P.2d 465; In re Estate of Wilson, 1926, 199 Cal. 199, 248 P. 666, doubt is resolved in favor of the United States by the language of the second decree of the Superior Court:

"It is further ordered that the sum of $200.00 heretofore ordered distributed to the State of California be paid to the State of California pursuant to said original decree of distribution."

■ The decree of June 16, 1955 was no more than an enforcement order of the original decree of August 6, 1953. As such it was not a final decree of distribution subject to appeal, and the failure of the United States to appeal therefrom did not preclude its claim for the funds erroneously distributed.

The motion is denied.