THE STATE OF KANSAS, *ex rel. C. C. Coleman, as Attorney-general,* v. W. W. ROSE.

No. 14,646.    (85 Pac. 803.)

1. CONTEMPT—*Inherent Power of Supreme Court.* Held that the supreme court has inherent power to punish for contempt and to determine whether a contempt has been committed.

2. ———— *Jurisdiction of Defendant—Process.* It was said that jurisdiction of the defendant could be obtained by citation and need not be by arrest under a writ of attachment.

Original proceeding for contempt. Opinion filed June 9, 1906. Motion to quash citation denied.

*C. C. Coleman,* attorney-general, for The State.

*Atwood & Hooper, Nathan Cree,* and *C. F. Hutch ings,* for defendant; *D. E. Bird, S. D. Hutchings,* and *Edwin S. McAnany,* of counsel.

*Per Curiam:* On the rule to show cause why the defendant should not be punished for contempt of the judgment of this court he makes a special appearance and insists that the citation served upon him is no legal process, and that jurisdiction over him can only be acquired by the issuance of a writ of attachment and an arrest under it. (Gen. Stat. 1901, § 1983.)

The supreme court is a constitutional tribunal, and has inherent power to punish for contempt and to determine whether a contempt has been committed. Assuming, however, that the statute relating to indirect contempts controls, the issuance of an attachment and the arrest of a defendant under it are not necessary to initiate the proceedings nor to give jurisdiction. When it is brought to the attention of the court that a person is guilty of contempt the court may issue such process as the circumstances of the case may require. An attachment may issue, but its issuance is not an absolute requirement, as the statute provides that other legal process may issue. A citation is an appropriate process, which has the sanction of long usage and may be fairly regarded to be such legal process as will bring the defendant into court. The essential thing is that the defendant shall have notice and opportunity to explain or purge. The initial step, whether by attachment or citation, is only preliminary to a formal accusation, to which defendant is required to answer, and upon issue thus joined trial is to be had. An arrest is a harsh proceeding, one which may be wholly unnecessary, and is a method which should never be employed unless required by the circumstances of the case.

We think that a citation is legal process within the meaning of the statute, and therefore the motion to quash the rule to show cause is denied.