No. 38,815

In the Matter of the Application for an Order Citing OWEN E. ROOT, Parker, Kansas, for Contempt of Court.

(249 P. 2d 628)

Opinion filed November 8, 1952.

*James E. Smith,* of Topeka, argued the cause for plaintiff.

*Owen E. Root,* of Parker, argued *pro se.*

The opinion of the court was delivered by

SMITH, J.: This is a proceeding wherein the respondent was directed to show cause why he should not be cited for contempt of this court for holding himself out as an attorney and practicing law in the courts of this state.

The proceedings were begun on May 5, 1952, by the filing with us by the members of the Committee on Illegal Practice of Law of the State Bar Association of a motion for leave to file the affidavits and an application for citation for contempt. This motion set out that the respondent was not licensed by this court as an attorney at law but that notwithstanding the rules of this court and the statutes relating thereto he had assumed the office of an attorney at law; that such acts were in contempt of the dignity of this court and thereby he was in contempt thereof. The applicants requested leave to file the affidavits of certain practicing lawyers and that a citation be issued against respondent requiring him to show cause why he should not be cited for contempt. Attached to this motion was an affidavit signed by four practicing attorneys of the county wherein respondent resides. This affidavit described four instances where the respondent had acted as an attorney by presenting matters to the probate court of Linn County, Kansas. Copies of the pleadings filed by respondent in these matters were attached to that motion. We allowed the applicants to file the affidavit and sustained the motion for a citation to show cause.

On May 5, 1952, our order was issued directing the respondent to appear before the court on May 26, 1952, and show cause, if any he had, why an accusation in contempt for practicing law without a license so to do should not be filed against him and why he should not be tried and punished for the commission of such contempt.

On May 15, 1952, respondent filed an answer in which he stated that since leaving the office of probate judge in Linn county in 1939 he had handled a number of cases in the capacity of administrator or executor and that he had filed the documents set out in the motion for a citation; that he had never held himself out as an attorney at law but had conducted such work as an attorney who acted for another by virtue of appointment by the latter. He set out certain extracts from the General Statutes to sustain his position.

Following the filing of this answer we on June 4, 1952, made an order that the "Committee on Illegal Practice" of the Bar Association of the state, as officers of this court, file a written accusation against the respondent by the affiants in the affidavit previously filed within twenty days from that date and serve a copy upon the respondent by registered mail. The respondent was directed to answer such accusation by filing a written answer with the clerk of this court within twenty days after service of a copy of it unless the time for filing the answer be extended. The order recited that after the filing of the answer the court would determine the time and place and the manner of hearing.

Pursuant to this order the four practicing attorneys of Linn county whose affidavits had been filed at the time the proceedings were instituted filed an accusation reciting the proceedings up to that time and alleging that it was respondent's contention that the law did not prohibit but rather authorized him to do the things he had done. The accusation further alleged that respondent was not licensed to practice law in any court in the state of Kansas but that he had practiced law by giving advice and counsel to other persons concerning the steps to be taken in probate proceedings and the preparation of papers, petitions, motions, orders and decrees for others to be used in the probate courts of the state in any proceedings connected therewith and was the performing of service as the attorney at law and the appearance of any individual as "attorney" for any persons interested therein, either through the signing of petitions, motions or other pleadings, or documents for use therein on behalf of such was the performance of services as an "attorney,"

"Attorney at law" or "counsel"; that respondent had assumed and was asserting that he was entitled to do such acts as an "adult resident" without regard to his lack of authority from this court to engage in the practice of law.

The accusation set out the details of some eight proceedings in which respondent had appeared for other persons and acted as attorney. In each of these the accusation set out the number of different appearances that respondent had made. They included the filing of petitions to determine descent, proof of service, orders for hearing, decree of descent, petition for probate of will and many like appearances. Copies of the particular documents filed by respondent in the probate court bearing his signature as attorney for the parties interested were attached to the accusation.

To this accusation respondent on June 26 filed his plea in which he stated that after studying the citations in the complainant's accusation and after reading the decisions from other states he was satisfied he was in error and he had no right to do the acts complained of. He stated that in all the matters complained of the interested parties came to his residence and solicited his aid and in many cases it was a "thank-you" matter. He prayed the discretion of the court.

On June 27 the accusers filed a motion for judgment against the respondent of guilt of contempt of court and that determination of such motion be withheld until the first day of the October term and that respondent be ordered to file a statement setting forth all cases and matters whether in court or not in which he had acted as attorney or given legal service and where fees had been charged and paid for such service the amount thereof. We sustained this motion, ordered the filing of the statement and deferred action on the motion for judgment until the first day of the October term or October 6, 1952. We ordered respondent to personally be and appear before the court on that day.

Pursuant to this order the respondent on August 5, 1952, filed a verified statement in which he set out twenty-three matters in which he had acted as attorney for parties. In each case he set out the amount he had received therefrom. This amounted in the aggregate to $201.50. This excluded the amount paid respondent in several instances for expenses amounting in most cases to the amount of his fee on a particular case.

On October 6, 1952, accusers appeared by counsel. Respondent appeared in his own proper person before the bar of this court. He admitted that he had committed the acts with which he was charged and stated that he had not been aware that by doing so he would be in contempt of this court. However, after examining the question and authorities he deemed himself guilty of contempt. He threw himself upon the mercy of this court.

We have had the matter under consideration. Of the right of this court to punish for contempt there can be no doubt. (See *State v. Rose,* 74 Kan. 260, 85 Pac. 803.) (See, also, *People ex rel, Attorney General v. Brown,* 126 Colo. 222, 247 P. 2d 682; also *Depew v. Wichita Association of Credit Men,* 142 Kan. 403, 49 P. 2d 1041.)

That acts such as were being performed by the respondent should be construed to be "practicing law" is clear. That practicing law without having a license so to do is contempt of this court is conceded. The motion of the accusers that the respondent be adjudged guilty of contempt of court is sustained.

Respondent is adjudged guilty of contempt of this court. It is ordered that he be punished for such contempt by paying a fine of $250 to the clerk of this court within fifteen days of the filing of this opinion.

In the interest of expediting the business of the court it is announced that the fine is directed paid to the clerk of this court and will be paid to that officer for the benefit of one common school fund of Linn county, Kansas, where the acts of respondent were done. (See *State v. Rose,* 74 Kan. 260, 85 Pac. 803.)