PER CURIAM.
This cause is before us on the Petition of the Florida Bar charging respondent with the- unauthorized practice of law, this Court’s order to show cause, Respondent’s response thereto, and the report of the referee, which report is as follows:
“TO THE HONORABLE CHIEF JUSTICE AND JUSTICES OF THE SUPREME COURT OF FLORIDA:
“Pursuant to the Order dated October 13, 1970, appointing me Referee in this cause, a hearing was had before me on the Sth day of February, 1971, as reported in the Court Reporter’s transcript herewith transmitted to you, including such exhibits as were filed in evidence.
“The evidence heard by me and thus transmitted to you supports the following conclusions:
“The Respondent, LEON S. HELLER, is a man 79 years of age who resides in Fort Lauderdale. He claims to have an office in Lake Worth, Florida, and in several other cities in Florida. His activities extend throughout many coun *435 ties in Florida. He engages in business as ‘Southern Title Research Co./ a ‘family’ corporation, and ‘American Probate Research Co./ a fictitious name. On the letterhead which he uses in correspondence, the address of Southern Title Research Co. is shown to be P. O. Box 8204, Fort Lauderdale, Florida, and of American Probate Research Co., to be P. O. Box 94, Palm Beach, Florida. The letterhead identifies Leon S. Heller as ‘Chief Examiner’ of American Probate Research Co.
“Mr. Heller says that he studied law many years ago in a law school but he declines to identify the law school. He has never been licensed to practice law in Florida nor in any other State so far as is shown by the record.
“He spends much time in searching public records for lands and money which may have been abandoned, or unclaimed, by the true owners. Frequently he will find that lands have been sold for delinquent taxes and that surplus monies from the sale remain in the Clerk’s hands unclaimed by the owners. He will then attempt to locate the owner or owners. In this, he is very energetic and resourceful, frequently traveling great distances to other states to examine probate records and other sources leading to location of the owners. When those who may be entitled to such monies are found to be deceased, he will attempt to locate heirs. He approaches them with a proposal to recover the funds, upon agreement to share the proceeds of the recovery. Typical of a letter from Mr. Heller to such an interested party is the following (See Pet’s. Exhibit 1) :
‘Mr. Oliver Page
520 Mapps Street
Eau Claire, Wisconsin
‘Re: Lands formerly owned by Joseph
R. Fischer, deceased.
‘Dear Sir:
‘In our activity as title examiners we have ascertained that a tract of land purchased by Mr. Fischer 56 years ago had been sold by the Clerk of the Court due to non-payment of state and county taxes for the years 1964 to and including 1969.
‘Likewise we learned that you are paying taxes on lot 6 Block 58 townsite, to which, however, you have no title.
‘We know of a sum of money we may recover for lawful surviving heirs of Joseph R. Fischer, provided you agree to pay costs to adjudicate you his lawful heir in the county where the tract of land was located, also that we will pay over to you one-half of the monies we will recover less costs involved.
‘Please affix your signature under “Accepted” on the bottom of this letter and we will proceed in your behalf.
Yours truly
Leon S. Heller
‘Accepted: Oliver Page’
“When interested parties are found to be dead, it frequently becomes necessary to secure admission of foreign probate record to the Courts of Florida and, in some cases, to have administration declared unnecessary. In such a case, Mr. Heller secures exemplified copies of such foreign probate records, prepares necessary documents to secure appropriate orders, and presents them to the County Judge to clear the matter so that the owner may obtain the funds in question. Mr. Heller is compensated for this service by payment to him of a part of the recovery.
“Mr. Heller reports that his activities in this regard were investigated several years ago by a Committee in Broward County, but that ‘Nothing came of it.’
“It is my view that Mr. Heller is, indeed, engaged in the practice of law and that he has not been licensed to do so by the State of Florida. See: In re Butler’s Estate, (Calif.1947) [29 Cal.2d *436 644] 177 Pac.2d 16; In re Reilly’s Estate, (Calif.1947) [81 Cal.App.2d 564] 184 Pac.2d 922; Carey v. Thieme, (N.J.1949) [2 N.J. Super. 458] 64 Atl.2d 394; In re Larsons’ Estate, (Calif.1949) [92 Cal.App.2d 267] 206 Pac.2d 852; In re Root, (Kans.1952) [173 Kan. 512] 249 Pac.2d 628; State ex rel. Baker v. County Court, (Wis.1964) [29 Wis.2d 1] 138 N.W.2d 162.
“Accordingly, it is my recommendation that the respondent, LEON S. HELLER, be enjoined and restrained from offering, proposing or soliciting any other person, firm or corporation, having, or appearing to have any claim, or interest, in or to lands, properties or monies in the State of Florida, or engaging in any transaction with any such person, firm or corporation, by which he is to recover such lands, properties or monies, or any part thereof, for another, for compensation, either in money or thing, and from preparing.or causing to be prepared, without the aid of a duly licensed member of the Florida Bar, any document necessary or relevant to the administration of any estate of any incompetent or deceased person, testate or intestate, in the Courts of the State of Florida.”
The report of the referee is approved and the recommendations are adopted. It is therefore, the order of this Court that Leon S. Heller, respondent herein, be enjoined and restrained from offering, proposing or soliciting any other person, firm or corporation, having, or appearing to have any claim, or interest, in or to lands, properties or monies in the State of Florida, or engaging in any transaction with any such person, firm or corporation, by which he is to recover such lands, properties or monies, or any part thereof, for another, for compensation, either in money or thing, and from preparing or causing to be prepared, without the aid of a duly licensed member of The Florida Bar, any document necessary or relevant to the administration of any estate of any incompetent or deceased person, testate or intestate, in the Courts of the State of Florida.
It is so ordered.
ROBERTS, C. J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.