PER CURIAM.
On petition of The Florida Bar, we issued an order directing respondent, Leon S. Heller, who is not a member of The Florida Bar, to show cause why he should not be held in contempt of this Court for the unauthorized practice of law. Article V, Section 15, Florida Constitution (formerly Art. V, Sec. 23, Fla.Const.), and Article II, Section 2, Integration Rule of The Florida Bar. In its petition the Bar alleged, inter alia, as follows:
“VII
“The Respondent, Leon S. Heller, was enjoined by the Supreme Court of Florida on May 5, 1971, in The Florida Bar v. Heller, 247 So.2d 434 (Fla.1971) from continuing activities constituting the unauthorized practice of law.
“VIII
“The Respondent, Leon S. Heller, has engaged in the unauthorized practice of law in Palm Beach and Broward Counties, Florida, by one or more of the following :
“A. That Respondent, Leon S. Heller, has, several times, violated the May 5, 1971, Florida Supreme Court Order holding that Respondent, Leon S. Heller, :
‘be enjoined and restrained from offering, proposing or soliciting any other person, firm, or corporation, having, or appearing to have any claim, or interest, in or to lands, properties or monies in the State of Florida, or engaging in any transaction with any such person, firm, or corporation, by which he is to recover such lands, properties, or monies, or any part thereof, for another, for compensation, either in money or thing, and from preparing or causing to be prepared, without the aid of a duly licensed member of The Florida Bar, any document necessary or relevant to the administration of any estate of any incompetent or deceased person, testate or intestate, in the Courts of the State of Florida.
“B. That during the period subsequent to May 5, 1973, Respondent, Leon S. Heller, has engaged in the unauthorized practice of law by soliciting persons having an interest in lands, properties, or monies in the State of Florida with an offer to recover such in return for compensation and from causing to be prepared without the aid of a duly licensed member of The Florida Bar documents *359 necessary or relevant to the administration of estates in the Courts of the State of Florida.
“C. That Respondent, Leon S. Heller, formed and created the Sun Mold Co., a Florida corporation, for the purpose of persuading claimants to quit claim their interest in property to Sun Mold Co., and then on behalf of the corporation, claimed the surplusages from the tax sales of said property and shared the monies with these individuals.
“D. That on March 5, 1973, a ‘Notice of Application for Tax Deed’ was filed in the office of the clerk of the Fifteenth Judicial Circuit of Florida containing a quotation ‘redeemed by Leon S. Heller, attorney in fact for lawful heirs of Austin B. Finley, etc.’
“E. That on March 6, 1973, Respondent, Leon S. Heller, sent a letter to the Clerk of the Circuit Court of Palm Beach County, Florida, requesting one-half of the overbid on a tax deed sale dated March 5, 1973, and a copy of a quit claim deed from Ronald I. Baron and Marilyn S. Baron, his wife, to Sun Mold Company dated November 1, 1965, but notarized April 22, 1972.
“F. That on July 29, 1972, Respondent, Leon S. Heller, sent a letter to the Clerk of the Circuit Court of Palm Beach County, Florida, requesting the overbid on a tract of property that was sold for taxes on March 6, 1972, and formerly owned by K. C. and Ollie Berry.
“G. That on August 22, 1972, Respondent, Leon S. Heller, sent a letter to one Frank Carter offering his assistance in recovering an overbid in a tax sale of property of August 2, 1971.
“H. That on October 9, 1972, Respondent, Leon S. Heller, sent a letter to the Clerk of the Circuit Court of Palm Beach County, Florida, requesting payment of the overbid on a tax deed sale of October 2, 1972, of property formerly owned by Dean Andrews.
“I. That on May 5, 1972, a letter, upon which Respondent’s name appears on the letterhead, was sent to the Clerk of the Circuit Court of Palm Beach County, Florida, from Ivor Howard, on behalf of Sun Mold Co., a Florida corporation, requesting an overbid from a tax deed sale of May 1, 1972, of property formerly owned by Dorothy McKnew and pursuant to a letter of April 2, 1972, sent by Respondent, Leon S. Heller, to Dorothy McKnew.
“J. That on May 6, 1972, a letter, upon which Respondent’s name appeared on the letterhead, was sent to the Clerk of the Circuit Court of Palm Beach County, Florida, from Ivor Howard, on behalf of Sun Mold Co., a Florida corporation, regarding a tax deed sale of August 2, 1972, certificate number 159 of 1965.
“K. That during the years 1971 and 1972, Respondent, Leon S. Heller, corresponded with the Assistant County Attorney for Palm Beach County relating to an overbid from a tax deed sale of October 5, 1970, certificate number 515, 1968, lot number 1, block 3, Lake Worth Hills 23-44-22.
“L. That on September 15, 1972, Respondent, Leon S. Heller, solicited his services via mail to Malville H. Rickard, Joseph Nagy, William Nagy, and Samuel Nagy in obtaining payment of the overbid on a tax deed sale of Lot 13, Block 20, Palm Acres Estates, Addition # 2, Section 5, Township 44, Range 43.
“M. That on June 9, 1972, Respondent, Leon S. Heller, sent a letter to Anthony F. Marino, a New Jersey attorney, explaining that Respondent was performing services for Evelyn Moss Wyatt, a client of Anthony F. Marino, by collecting an overbid from a tax deed sale of March 6, 1972, and via his services he would ‘absorb attorney fees, court costs, etc.,’ from that overbid.
“N. That for all these services Respondent, Leon S. Heller, either charged fees *360 or was given compensation in various amounts.”
Respondent filed pro se an answer denying the foregoing allegations of the Bar and we appointed a referee to conduct a hearing and take testimony to establish the facts herein. After proper notice to all parties, a hearing was held on April 29, 1974, prior to which on April 16 respondent filed a motion for continuance alleging as grounds therefor that he “has this day left for Laredo, Texas, where he will be hospitalized for treatment.” Respondent did not appear nor was he represented by counsel at the hearing. The record shows the Bar inquired of the only hospital then operating in Laredo, Texas, several days following respondent’s motion, and the hospital advised the Bar that respondent had not been hospitalized nor made arrangements to be hospitalized there in the future.
We quote the referee’s report in pertinent part as follows:
“The referee finds that the Respondent has continued to engage in similar activities which were prohibited in Florida Bar v. Heller, 247 So.2d 434 (Fla.1971). This finding is based on the following evidence:
“1. Six quit claim deeds from different individuals to Sun Mold Company, dated during 1972 or 1973, stamped with the following:
‘This instrument prepared by Leon S. Heller, P. O. Box 8204, Fort Lauderdale, Florida 43310.’
“Sun Mold Company has the same address as is shown for Respondent.
“2. A letter of July 29, 1972, from Respondent to a person entitled to receive a tax over-bid from the Clerk of the Circuit Court, soliciting her representation. The letter advises her regarding legal procedures for her to follow to obtain the tax over-bid and refers her to previous correspondence which he sent to her.
“3. A letter of September 15, 1972, to four different people in Ohio who apparently had an interest in a tax over-bid. Respondent advises these people that if they will sign the affidavits which he has enclosed, he will subsequently mail them a quit-claim deed to be executed and will then obtain for them the amount of the tax over-bid, retaining one-half of the over-bid for himself for attorneys’ fees and other expenses.
“4. Numerous other documents were placed into evidence consisting mainly of letters soliciting people who are entitled to tax over-bids to have Respondent obtain the funds for them and copies of affidavits wherein they appoint one F. V. Montez as their attorney in fact to obtain the tax over-bid. F. V. Montez is actually Respondent’s wife who is also known as Fidencia V. Heller. There are presently pending proceedings against her for the unauthorized practice of law.
“5. Fidencia V. Heller filed in her case an answer stating that anything she did was at the request of her husband, Leon S. Heller, who is assuming all responsibility for her actions.
“6. Testimony showed that Respondent had obtained the names of two elderly ladies who were entitled to a tax overbid, prior to their receiving notification from the Clerk of the Circuit Court for Palm Beach County, and being ignorant of their rights, the ladies agreed to retain Heller to assist them in obtaining the tax over-bid. Heller advised them he would be able to recover for them approximately $900 apparently without advising them that the tax over-bid was approximately $5,000. When the ladies received the notice from the Clerk and discovered they could have obtained the entire amount without participation by the Respondent, they were most distraught.
*361 “Based upon the foregoing it is my finding that the Respondent Leon S. Heller, has been in willful and flagrant violation of the injunction previously entered by this Court by continuing to engage in the same activity prohibited by this Court in 1971.”
The inherent authority of a court to punish for contempt is universally recognized and includes the power to punish for contemptuous conduct the parties bound by its decrees. South Dade Farms, Inc. v. Peters (Fla.1956), 88 So.2d 891. There, we clearly spelled out the reasons for this power and we need not repeat them here. In making our determination in the instant cause we rely, of course, upon the definition of contempt contained in Section 38.-23, Florida Statutes:
A refusal to obey any legal order, mandate or decree, made or given by any judge either in term time or in vacation relative to any of the business of said court, after due notice thereof, shall be considered a contempt, and punished accordingly. But nothing said or written, or published, in vacation, to or of any judge, or of any decision made by a judge, shall in any case be construed to be a contempt.”
Upon examination of the record, we find that respondent wilfully committed the acts herein alleged and engaged in the unauthorized practice of law in this state in violation of the Integration Rule of The Florida Bar and the injunction issued by this Court reported at 247 So.2d 434. We further find respondent’s motion for continuance is insufficient justification for his failure to appear in proper person or by counsel at the hearing herein inasmuch as his departure from this state (and our jurisdiction) occurred the very day he filed said motion without time for hearing or ruling thereon or subsequent communication with the referee.
We therefore find respondent in contempt of this Court as herein defined. As punishment for said contempt, respondent is hereby sentenced to the County Jail of Leon County, Florida, for the period of thirty days, and he shall pay as a fine to the Clerk of this Court the sum of $250. Respondent’s sentence of imprisonment shall be suspended upon payment of the fine. Respondent’s commitment shall be withheld for a period of fifteen days from the date of the filing of this opinion.
It is further ordered that respondent be, and is hereby permanently enjoined from the unauthorized practice of law, and this cause shall be kept open and the record herein shall be available for the prosecution of respondent for any future violations of the Integration Rule of The Florida Bar.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, BOYD and OVERTON, JJ., concur.